FRIEDMAN, Senior Circuit Judge,
concurring.
Although I agree with and join the court’s opinion, I write separately to suggest a slightly different approach to determining the meaning of claim 10.
The three independent claims at issue in this case — 1, 5, and 10 — have a common format. Each of them specifies “A form set ... comprising,” followed by a description of the items included in the particular form set. Claims 1 and 5 identically state, after “comprising,” “an upper negotiable instrument sheet,” a “lower customer receipt sheet” and “an intermediate voucher sheet,” together with “a first” and “a second” “transfer medium.” Claim 10, in contrast, after “comprising,” states “at least one negotiable instrument sheet,” which is described in considerable detail.
On its face, this language appears to state that the form set described in claims 1 and 5 requires 3 sheets (one of which is a “negotiable instrument sheet”), whereas the form set in claim 10 requires only “at least one negotiable instrument sheet.”
The government argues, however, that the concept of a “form set” necessarily requires at least two sheets, since a “set” means more than one. The court’s majority opinion correctly rejects this interpretation of “form set.”
The government achieves its construction of claim 10 by in effect incorporating into that claim the limitation in claims 1 and 5 that the “form set” they cover must include 3 sheets. In other words, the government interprets “at least one negotiable instrument sheet” in claim 10 to mean “at least three” sheets, one of which is a “negotiable instrument sheet.” This bit of legal legerdemain appears contrary to the well-established principle of claim construction that explicit limitations in one claim will not be read into another claim that does not include them. Indeed, if claim 10 as written includes the 3 sheet *950 limitation of claims 1 and 5, there would seem to have been no reason for the patentee to have included the “at least one negotiable instrument sheet” limitation in claim 10, since that limitation already was provided by the “an upper negotiable instrument sheet” language of claims 1 and 5.